**United States District Court**
**Southern District of New York**
_____

**RICHARD DEAN SAWYER III,**

                **Plaintiff,**        11 Civ. 9103 (JGK)

      - against -         MEMORANDUM OPINION AND
                                            ORDER
**NEW YORK STATE DEPARTMENT OF**
**TRANSPORTATION, ET AL.,**

                **Defendants.**
_____

**JOHN G. KOELTL, District Judge:**

The plaintiff, appearing pro se, brings this action, under 42 U.S.C. § 1981, 49 U.S.C. § 5303, and the Fourteenth Amendment, against the New York State Department of Transportation ("DOT") and the New York City Metropolitan Transportation Authority ("MTA"). The plaintiff paid the filing fee for this action.

The Court dismisses a portion of the Complaint with prejudice, and dismisses the remainder of the Complaint without prejudice, for the reasons explained below.

I.

The Court has the authority to dismiss sua sponte a complaint, or portion thereof, for which a plaintiff has paid the filing fee, where the plaintiff presents no arguably

1

meritorious issue.  See Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363 (2d Cir.2000) (per curiam) ("[T]he District Court . . . possessed the power to dismiss the instant action sua sponte, notwithstanding the fact that Fitzgerald had paid the . . . filing fee."); Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (per curiam).  While the law authorizes dismissal of frivolous complaints even if the filing fee has been paid, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); see generally Haines v. Kerner, 404 U.S. 519, 520–521, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).  Pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

II.

The plaintiff alleges that the Gunhill Road section of Bronx County is being denied "equal access" to public transportation.  He asserts violations of 49 U.S.C. § 5303, including the fact that there is "No Transportation Improvement Plan [TIP]" in place, as required by § 5303, and that "the

People" were not given an "opportunity of participation in the development of any program to their benefit."  According to the plaintiff, rerouting two bus lines would make the subway more accessible and that the "only major cost to the State would be the building of one alcove or roofed bus stop."

### III.

The plaintiff names as a defendant the New York State Department of Transportation (DOT), a state agency.  The Eleventh Amendment bars suits against States and State agencies unless the State expressly waives its immunity or Congress validly abrogates that immunity.  <u>Seminole Tribe of Fla. v. Florida</u>, 517 U.S. 44, 72–73 (1996).  The DOT is an agency and an arm of New York State entitled to the protections of the Eleventh Amendment.  <u>See, e.g.</u>, <u>Kilcullen v. New York State Department of Transportation</u>, 55 F. App'x. 583, 584 (2d Cir. 2003) (summary order) (noting dismissal of a claim against the New York State DOT because the claim was barred by the Eleventh Amendment).

Accordingly, the plaintiff's claims against the DOT cannot proceed and are dismissed with prejudice.

### IV.

The Complaint alleges a violation of the Fourteenth Amendment. With regard to the Due Process Clause of the Fourteenth Amendment, a due process claim raises "two distinct issues: 1) whether [the] plaintiff[] possess[es] a liberty or property interest protected by the Due Process Clause; and, if so, 2) whether existing state procedures are constitutionally adequate."  Kapps v. Wing, 404 F.3d 105, 112 (2d Cir. 2005) (citing Sealed v. Sealed, 332 F.3d 51, 55 (2d Cir. 2003)). Here, the plaintiff does not allege the existence of a liberty or property interest, and therefore this Complaint does not state a due process claim.  With regard to the Equal Protection Clause of the Fourteenth Amendment, an equal protection claim may be stated where, for example, a plaintiff pleads that the plaintiff is the member of a class of persons that the defendant has "intentionally treated . . . differently from other similarly situated [persons] because of a malicious intent to injure them," or "with no rational basis for the difference in treatment."  Bizzarro v. Miranda, 394 F.3d 82, 86 (2d Cir. 2005).  This Complaint fails to allege facts that support an equal protection claim.  The plaintiff's Fourteenth Amendment claims are therefore dismissed without prejudice to the filing of an Amended Complaint.

The Complaint alleges a violation of § 42 U.S.C. § 1981. Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and no other.

42 U.S.C. § 1981(a). To state a § 1981 claim, the plaintiff must allege racial animus, identify a relevant law or proceeding for the security of persons and property and allege that the defendants have deprived the plaintiff of the full and equal benefit of this law or proceeding. See, e.g., Phillip v. U. of Rochester, 316 F.3d 291, 298 (2d Cir. 2003). This Complaint does not allege race discrimination, and fails to identify a law or proceeding for the security of persons and property, and does not allege that the defendants have deprived the plaintiff of the full and equal benefit of that law or proceeding, all necessary elements of a § 1981 claim. The plaintiff's § 1981 claim is therefore dismissed without prejudice to the filing of an Amended Complaint.

The plaintiff also seeks to assert rights under 49 U.S.C. § 5303, the Urban Mass Transportation Act, which establishes guidelines for metropolitan transportation planning. See

generally Environmental Defense v. E.P.A., 467 F.3d 1329, 1332 (D.C. Cir. 2006).  The statute, however, prohibits court review of transportation plans:

> The failure to consider any factor [of safety, security, accessibility, mobility, or efficiency] specified in paragraph (1) shall not be reviewable by any court . . . in any matter affecting a transportation plan, a TIP, a project or strategy, or the certification of a planning process.

49 U.S.C. § 5303(h)(2) (emphasis added); see Cronin v. Ohio Department of Transportation, 09 Civ. 2699, 2011 WL 1297294, at *6 (N.D. Ohio Mar. 31, 2011).  This complaint does not allege how the MTA has violated § 5303 in a way that is reviewable by this Court.  The plaintiff's § 5303 claim is therefore dismissed without prejudice to the filing of an Amended Complaint.

It may well be that the plaintiff cannot state any plausible claim against the MTA but the plaintiff should at least be afforded the opportunity to file an Amended Complaint.

## CONCLUSION

For the reasons stated above, the plaintiff's claims against the DOT are dismissed with prejudice.  Although this Court would generally permit amendment of the Complaint to cure any defects before dismissing sua sponte a case for which the filing fee was paid, see Hughes v. Albany, 76 F.3d 53, 56 (2d

6

Cir. 1996), there is no need to do so here because the plaintiff presents no claims against the DOT over which this Court has jurisdiction.

The plaintiff's claims against the MTA are dismissed without prejudice to the filing of an Amended Complaint.

SO ORDERED.

Dated:  New York, New York
        January 7, 2012

                                        John G. Koeltl
                                  United States District Judge